

EXHIBIT A



FILED
2022 OCT 13 PM 2:30
CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

### CIVIL CASE INFORMATION STATEMENT
(Civil Cases Other than Domestic Relations)

**I. CASE STYLE:**  Case No. 22-C-860
Judge: Webster

**Plaintiff(s)**
HAYLEY GARNES
3708 Virginia Ave.
Charleston, WV 25304

Plaintiff's Phone: 304-382-4077

**vs.**

**Defendant(s)**
ENCOVA Insurance Agency, Inc., et al.

Days to Answer: 30
Type of Service: Secretary of State

Name
400 Quarrier Street
Street Address
Charleston, WV 25301
City, State, Zip Code

Defendant's Phone: 844-362-6821

**II. TYPE OF CASE:**

- [x] General Civil
- [ ] Mass Litigation [As defined in T.C.R. 26.04(a)]
  - [ ] Asbestos
  - [ ] FELA Asbestos
  - [ ] Other:
- [ ] Habeas Corpus/Other Extraordinary Writ
- [ ] Other:

- [ ] Adoption
- [ ] Administrative Agency Appeal
- [ ] Civil Appeal from Magistrate Court
- [ ] Miscellaneous Civil Petition
- [ ] Mental Hygiene
- [ ] Guardianship
- [ ] Medical Malpractice

**III. JURY DEMAND:** [x] Yes [ ] No  CASE WILL BE READY FOR TRIAL BY (Month/Year): 10 / 2023

**IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS?**
[ ] Yes [x] No

IF YES, PLEASE SPECIFY:
- [ ] Wheelchair accessible hearing room and other facilites
- [ ] Reader or other auxiliary aid for the visually impaired
- [ ] Interpreter or other auxiliary aid for the deaf and hard of hearing
- [ ] Spokesperson or other auxiliary aid for the speech impaired
- [ ] Foreign language interpreter-specify language: _____
- [ ] Other:

Attorney Name: James M. Cagle, Jeaneen Legato & Thomas Wilson
Firm: Cagle Law Office and Wilson Law Offices, PLLC
Address: 1018 Kanawha Blvd, East, Suite 1200, Charleston WV 25301
Telephone: 304-342-31874 Thomas Wilson #304-345-5508

Representing:
- [x] Plaintiff
- [ ] Defendant
- [ ] Cross-Defendant
- [ ] Cross-Complainant
- [ ] 3rd-Party Plaintiff
- [ ] 3rd-Party Defendant

[ ] Proceeding Without an Attorney

Original and _____ copies of complaint enclosed/attached.
Dated: 10/13/2022   Signature: _____

Payment Type ✓
$200 ✓ $135 ___ Total Collected $ 360.00
Receipt # 596749-50
Summons Issued # 5  No Summons
Return to Attorney  $20 CM x 4
✓ Mailed CM/RM  $5 CLK x 1
✓ Mailed to SOS w/check# SS641  $15 MDF x 5
Sent to _____ w/check # _____

SCA-C-100: Civil Case Information Statement (Other than Domestic Relation)

Plaintiff: Hayley Garnes _____, et al_____   Case Number: _____
vs.
Defendant: Encova Insurance Agency, Inc. _____, et al_____

## CIVIL CASE INFORMATION STATEMENT
## DEFENDANT(S) CONTINUATION PAGE

| Defendant | Service Info |
|---|---|
| **Encova Insurance Agency, Inc.** (Defendant's Name)<br>400 Quarrier Street (Street Address)<br>Charleston, WV 25301 (City, State, Zip Code) | Defendant's Phone: 844-362-6821<br>Days to Answer: 30<br>Type of Service: Secretary of State |
| **Melissa Wood** (Defendant's Name)<br>58 Windy Point Rd. (Street Address)<br>Ghent, WV 25843-9374 (City, State, Zip Code) | Defendant's Phone:<br>Days to Answer: 20<br>Type of Service: Certified Mail by Clerk |
| **Rachel Mitchell** (Defendant's Name)<br>95 Crimson Pointe Dr (Street Address)<br>Winfield, WV 25213-8614 (City, State, Zip Code) | Defendant's Phone:<br>Days to Answer: 20<br>Type of Service: Certified Mail by Clerk |
| **Teri Miller** (Defendant's Name)<br>5235 Chaps Ct (Street Address)<br>Columbus, OH 43221 (City, State, Zip Code) | Defendant's Phone:<br>Days to Answer: 20<br>Type of Service: Certified Mail by Clerk |
| **James Christopher Howat** (Defendant's Name)<br>949 Hudson Xing (Street Address)<br>Columbus, OH 43212-3943 (City, State, Zip Code) | Defendant's Phone:<br>Days to Answer: 20<br>Type of Service: Certified Mail by Clerk |
| (Defendant's Name)<br>(Street Address)<br>(City, State, Zip Code) | Defendant's Phone:<br>Days to Answer:<br>Type of Service: |
| (Defendant's Name)<br>(Street Address)<br>(City, State, Zip Code) | Defendant's Phone:<br>Days to Answer:<br>Type of Service: |

SCA-C-100: Civil Case Information Statement-Defendant(s) Continuation Page        Revision Date: 4/2020

FILED

2022 OCT 12 PM 2:58

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

Hayley Garnes,

    Plaintiff,

v.    Case No.: 27-C-860

    Webster

Encova Insurance Agency, Inc.,
Melissa Wood, Rachel Mitchell,
Teri Miller and James Christopher Howat,

    Defendants.

## COMPLAINT

Comes now Plaintiff Hayley Garnes by counsel and for her Complaint against the Defendants states as follows:

1. Plaintiff Hayley Garnes is and was at all times relevant herein a resident of Kanawha County, West Virginia. In January of 2017, Plaintiff was diagnosed with Multiple Sclerosis (MS). At all times relevant herein Plaintiff has and did have a disability which substantially limited and limits one or more of her daily life activities and therefore makes her a member of a protected class as defined by the West Virginia Human Rights Act (W. Va. Code §5-11-3(m)) on the basis of disability;

2. Defendant Encova Insurance Agency, Inc., hereinafter referred to as Encova, is a foreign corporation organized under the laws of the state of Ohio, which is and was at all times relevant herein doing business in Kanawha County, West Virginia with an office address of 400 Quarrier Street, Charleston, WV 25301. During the times relevant herein, Defendant Encova employed "twelve or more persons within the state for twenty or more calendar weeks in the calendar year in which the act of discrimination allegedly took place or the preceding calendar year" and is

therefore an "employer" as defined by the West Virginia Human Rights Act (W.Va.Code §5-11-3(d)). Defendant Encova employed Plaintiff Hayley Garnes from April 2006 until her termination on October 15, 2021;

3. Defendant Melissa Wood is a resident of Ghent, Raleigh County, West Virginia. Defendant Wood at all times relevant herein was an employee of Defendant Encova and a supervisor/manager of Plaintiff Hayley Garnes;

4. Defendant Rachel Mitchell is a resident of Winfield, Putnam County, West Virginia. Defendant Mitchell at all times relevant herein was an employee of Defendant Encova and a supervisor/manager of Plaintiff Hayley Garnes;

5. Defendant James Christopher Howat is a resident of Columbus, Ohio. Defendant Howat at all times relevant herein was an employee of Defendant Encova and a supervisor/manager of Plaintiff Hayley Garnes;

6. Defendant Teri Miller is a resident of Columbus, Ohio. Defendant Miller at all times relevant herein was an employee of Defendant Encova and a supervisor/manager of Plaintiff Hayley Garnes;

### JURISDICTION AND VENUE

7. Plaintiff incorporates all of the preceding paragraphs by reference as if alleged fully herein;

8. Venue is proper pursuant to West Virginia Code §56-1-1 as all events giving rise to this action occurred in Kanawha County, West Virginia;

9. Pursuant to West Virginia Code §51-2-2, this Court has jurisdiction to hear this matter;

### FACTS

10. Plaintiff incorporates all of the preceding paragraphs by reference as if alleged fully herein;

11. Plaintiff Hayley Garnes began her employment with Defendant Encova in April of 2006 as an accounting manager and was employed as a senior accountant when her employment was terminated in October of 2021;

12. In January of 2017, Plaintiff was diagnosed with multiple sclerosis. Following her diagnosis, Plaintiff submitted Family Medical Leave (FMLA) documentation in 2017, 2018, and 2020 to her employer Defendant Encova. In this documentation, the medical report indicated that due to Plaintiff's diagnosis she would need reasonable accommodations regarding her work schedule. No reasonable accommodations were ever provided. Instead, Defendants significantly increased Plaintiff's workload which increased the number of hours and days Plaintiff had to work which exacerbated her illness;

13. Plaintiff's direct supervisors were Defendant Melissa Wood and Defendant Rachel Mitchell. Prior to her diagnosis of multiple sclerosis in January of 2017, Plaintiff received multiple positive work reviews by Defendants Mitchell and Wood. Following her diagnosis, Defendants Mitchell and Wood failed to provide Plaintiff with any reasonable accommodations. Defendants Mitchell and Wood knew of Plaintiff's disability and instead of providing reasonable accommodations they significantly increased Plaintiff's workload which exacerbated Plaintiff's illness and then Defendants Mitchell and Wood began submitting negative evaluations regarding Plaintiff's work performance;

14. At all times relevant herein, Defendant James Christopher Howat was the chief financial officer in the Charleston office of Defendant Encova. On two occasions, one in 2018 and one in 2020, Plaintiff applied for an investment manager accounting position which would have been a promotion for Plaintiff. Plaintiff was denied an interview both times. Based upon information

and belief, both times Defendant Howat promoted individuals who were not a member of a protected class and who had less education, were younger, less qualified and less experienced than Plaintiff. Plaintiff was denied the opportunity for advancement due to her disability or perceived disability. Plaintiff's inquiries and complaints to Defendant Howat regarding these actions were essentially ignored without any justification for the decisions being provided to Plaintiff;

15. At all times relevant herein, Defendant Teri Miller was one of Plaintiff's supervisors. Defendant Terri Miller knew of Plaintiff's disability and failed to provide any reasonable accommodations throughout Plaintiff's employment. Defendant Miller further failed to inform and require Plaintiff's direct supervisors to provide Plaintiff with reasonable accommodations. On October 15, 2021, Defendant Terri Miller and other managerial employees of Defendant Encova terminated Plaintiff's employment during a telephone call;

16. Despite the medical opinion in the FMLA documentation submitted to Defendant Encova, Defendants Mitchell, Wood, Miller, and Howat never provided any reasonable accommodations to assist Plaintiff with her disability. Instead, Defendants acted in a manner to deliberately sabotage Plaintiff's ability to work efficiently. Defendants acted contrary to the medical report regarding Plaintiff's need for reasonable accommodations by failing to provide any such accommodations and instead significantly increasing Plaintiff's workload and the number of hours she was required to work without any breaks. Defendants denied Plaintiff the opportunity for advancement and eventually terminated her due to her disability;

17. As an employee of Defendant Encova, Plaintiff had long term disability insurance coverage through Prudential which provided benefits to employees who become totally and permanently

disabled while employed. Defendants wrongfully terminated Plaintiff for discriminatory reasons rendering Plaintiff ineligible to apply for such benefits when she inevitably becomes totally disabled; and,

18. Defendants' wrongful termination of Plaintiff for discriminatory reasons was wilful and malicious and resulted in Plaintiff suffering a loss of past and future wages and related benefits and emotional distress.

### COUNT I: BREACH OF DUTY
### TO REASONABLY ACCOMMODATE PLAINTIFF'S DISABILITY
### IN VIOLATION OF WEST VIRGINIA HUMAN RIGHTS ACT

19. Plaintiff incorporates all of the preceding paragraphs by reference as if alleged fully herein;

20. Plaintiff is a "qualified individual with a disability" as that phrase is defined in the West Virginia Human Rights Act (W.Va. Code §5-11-1 et seq.) and West Virginia Code of State Rules (C.S.R. §77-1-4.2);

21. Defendants had explicit knowledge of Plaintiff's disability through conversations with Plaintiff and documentation submitted by Plaintiff to Defendants;

22. In family medical leave documents submitted by Plaintiff to Defendant Encova, the medical report indicated that Plaintiff would need reasonable accommodations due to her disability;

23. Defendants Miller, Mitchell, Wood and Howat had reason to know and did know of Plaintiff's disability and the need for reasonable accommodations to assist Plaintiff in doing her job. Defendants' failure to provide existing reasonable accommodations impaired Plaintiff's ability to perform her job, created emotional distress and exacerbated Plaintiff's illness;

24. Defendants never provided Plaintiff with any available reasonable accommodations to assist her in working with her disability following her diagnosis in January 2017 and continuing

throughout the remainder of her employment with Defendant Encova;

25. Pursuant to the West Virginia Human Rights Act (W.Va. Code §5-11-1 et seq. and C.S.R. §77-1-4.5, Defendants were obligated to make reasonable accommodations for Plaintiff's disability such as job restructuring, modified work schedule, working remotely, position reassignment or similar actions including to inform Plaintiff's supervisors/managers of the limitations of her disability and the need for their cooperation in providing reasonable accommodations to assist Plaintiff in working;

26. Plaintiff was and is capable of efficiently performing her job with available and reasonable accommodations. Rather than providing reasonable accommodations to assist Plaintiff, Defendants terminated Plaintiff's employment;

27. As a direct and proximate result of Defendants' actions, Plaintiff suffered and will continue to suffer loss of wages and related benefits, emotional distress and other expenses including but not limited to attorney fees and costs of litigation all of which she is entitled to recover from Defendants pursuant to W.Va. Code §5-11-13( c);

28. Plaintiff seeks to be made whole for her losses caused by Defendants' failure to reasonably accommodate her disability by being fully compensated for emotional distress and lost wages as well as being fully and permanently reinstated to her employment position with all salary increases, promotions, bonuses and other related benefits all of which she would have received but for the wrongful acts of the Defendants;

## COUNT II: DISABILITY DISCRIMINATION
## IN VIOLATION OF WEST VIRGINIA HUMAN RIGHTS ACT

29. Plaintiff incorporates all of the preceding paragraphs by reference as if alleged fully herein;

30. Discrimination based upon a disability or perceived disability violates the West Virginia Human Rights Act;

31. Despite her disability, Plaintiff was capable and did efficiently perform her job;

32. Defendants terminated Plaintiff's employment due to her disability in violation of the West Virginia Human Rights Act;

33. As a direct and proximate result of the disability discrimination by Defendants in discharging Plaintiff, Plaintiff lost her health insurance coverage at a critical time and the eligibility to file for long term disability benefits when she becomes totally disabled. Plaintiff also suffered other damages arising from loss of past and future wages, emotional distress, damage to her reputation, costs of litigation and attorney fees;

34. Defendants' conduct was willful, malicious and so egregious that punitive damages should be awarded to punish the Defendants and deter similar conduct in the future;

## COUNT III: VIOLATION OF WEST VIRGINIA PUBLIC POLICY

35. Plaintiff incorporates all of the preceding paragraphs by reference as if alleged fully herein;

36. West Virginia law establishes a public policy which favors equal treatment of employees regardless of disability;

37. Defendants discriminated against Plaintiff by failing to provide reasonable accommodations for her disability, twice passing over her for promotions and eventually terminating her employment due to her disability or perceived disability from having multiple sclerosis;

38. Defendants' conduct was willful, wanton, reckless, malicious, intentional, in direct disregard of Plaintiff's protected rights and in violation of West Virginia's public policy;

39. As a direct result of Defendants' unlawful conduct, Plaintiff has suffered injuries and

damages including but not limited to loss of past and future wages and benefits, emotional distress, litigation costs and attorney fees all of for which Defendants are liable;

40. Plaintiff is entitled to recover said losses from Defendants and to be reinstated to her position of employment with Defendant Encova;

41. Defendants conduct was willful, malicious and so egregious that punitive damages should be awarded to punish the Defendants and deter similar conduct in the future;

### COUNT IV: VIOLATION OF STATUTES - NEGLIGENCE PER SE AND NEGLIGENCE

42. Plaintiff incorporates all of the preceding paragraphs by reference as if alleged fully herein and in the alternative sets forth this count of negligence and negligence per se;

43. West Virginia Human Rights Act prohibits discrimination due to a disability. Violation of a statute alone is prima facie evidence of negligence when the violation is the proximate cause of the Plaintiff's injury;

44. Defendants owed Plaintiff, as an employee of Defendant Encova, a duty to treat her equally with respect to other employees who do not have a disability;

45. Defendants breached this duty by negligently failing to provide reasonable accommodations for Plaintiff's disability when such accommodations existed and Defendants knew or should have known such accommodations were needed. Defendants further breached this duty by denying Plaintiff the opportunity for advancement and firing her due to her disability;

46. Defendants actions were in violation of West Virginia statutes, more specifically statutes pertaining to the West Virginia Human Rights Act, West Virginia Code §5-11-1 et seq.;

47. West Virginia Code §55-7-9 and common law entitle any person injured by the violation of

any statute to recover from the offender such damages as she may sustain by reason of the violation. Plaintiff suffered economic and non-economic damages due to the Defendants' violation of statutes; and,

48. As a direct and proximate result of Defendants' actions, Plaintiff has suffered injuries and damages including but not limited to loss of past and future wages and benefits, emotional distress, litigation costs and attorney fees;

## COUNT V: STATUTORY CONSPIRACY
## UNDER THE WV HUMAN RIGHTS ACT

49. Plaintiff incorporates all of the preceding paragraphs by reference as if alleged fully herein;

50. Defendants Mitchell, Miller, Howat and Wood conspired with each other and Defendant Encova to discriminate against Plaintiff on the basis of her disability and/or aided and abetted in the discriminatory actions alleged herein in violation of West Virginia Code §5-11-9(7)(A) and/or were the principal protagonists in bringing about the harm suffered by Plaintiff and are personally liable for their actions. *Harless v. First National Bank in Fairmont*, 289 S.E.2d 692;

51. The conduct of Defendants Mitchell, Miller, Wood and Howat was intentional, malicious and with conscious disregard of the rights of Plaintiff;

52. As a result of the individually named Defendants' discriminatory conduct, Plaintiff has suffered injuries and damages including but not limited to loss of past and future wages and benefits, emotional distress, litigation costs and attorney fees;

## COUNT VI: VICARIOUS LIABILITY

53. Plaintiff incorporates all of the preceding paragraphs by reference as if alleged fully herein;

54. At all times relevant herein, Defendants Mitchell, Miller, Wood and Howat were acting in

their capacity as agents of Defendant Encova such as to render Defendant Encova liable for their wrongful conduct.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for the following relief:

1. Damages as set forth in this Complaint including but not limited to loss of past and future wages and benefits, emotional distress and punitive damages;

2. Reinstatement to her employment position with Defendant Encova;

3. Pre-judgment interest as provided by law;

4. Attorney fees and costs of litigation; and,

5. Such further relief as this Court may deem just and equitable.

Plaintiff further demands trial by jury on all issues.

Plaintiff Hayley Garnes,

By Counsel:

*/s/ James Cagle*
James M. Cagle (WV Bar No. 580)
1018 Kanawha Boulevard, East
1200 Boulevard Tower
Charleston, West Virginia 25301
Email: caglelaw@aol.com
Phone: (304) 342-3174
Fax: (304) 342-0448
*Counsel for Plaintiff Hayley Garnes*

*/s/ Jeaneen Legato*
Jeaneen J. Legato, Esq. (WV Bar No. 6978)
Legato Law, PLLC
1018 Kanawha Boulevard, East
1200 Boulevard Tower
Charleston, West Virginia 25301
Email: jeaneenlegato@gmail.com
Phone: (304) 549-8488
*Counsel for Plaintiff Hayley Garnes*

*/s/ Thomas Wilson*
Thomas G. Wilson (WV Bar No. 4087)
Wilson Law Offices, PLLC
120 Capitol Street
Charleston, WV 25301
Phone: 304-345-5508
Email: tom@wilsonlawpllc.com
*Counsel for Plaintiff Hayley Garnes*



2022 OCT 13 PM 4:16

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

SUMMONS

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

Hayley Garnes,

    Plaintiff

v.

Case No.: 22-C-860
Judge Carrie L. Webster

Encova Insurance Agency, Inc.,
Melissa Wood, Rachel Mitchell,
Teri Miller and James Christopher Howat,

    Defendants.

To the above-named Defendant:

James Christopher Howat
959 Hudson Xing
Columbus, OH 43212-3943

IN THE NAME OF THE STATE OF WEST VIRGINIA:

    You are hereby summoned and required to serve upon James M. Cagle, Jeaneen Legato and Thomas Wilson, Plaintiffs' attorney, whose address is 1200 Boulevard Tower, 1018 Kanawha Boulevard, East, Charleston, West Virginia 25301, an answer, including any related counterclaim or defense you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, thereafter judgment, upon proper hearing and trial, may be taken against you for the relief demanded in the Complaint, and you will be thereafter barred from asserting in another action any claim, counter petition or defense you may have which must be asserted in the above-styled civil action.

Dated: October 13, 2022

                                                                  **Cathy S. Gatson, Clerk**
                                                                   Clerk of Court N. Stricker

FILED 

## SUMMONS

2022 OCT 13 PM 4:16

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

Hayley Garnes,

    Plaintiff

v.

    Case No.: 22-C-860
    Judge Carrie L. Webster

Encova Insurance Agency, Inc.,
Melissa Wood, Rachel Mitchell,
Teri Miller and James Christopher Howat,

    Defendants.

To the above-named Defendant:

Teri Miller
5235 Chaps Ct.
Columbus, OH 43221

IN THE NAME OF THE STATE OF WEST VIRGINIA:

You are hereby summoned and required to serve upon James M. Cagle, Jeaneen Legato and Thomas Wilson, Plaintiffs' attorney, whose address is 1200 Boulevard Tower, 1018 Kanawha Boulevard, East, Charleston, West Virginia 25301, an answer, including any related counterclaim or defense you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, thereafter judgment, upon proper hearing and trial, may be taken against you for the relief demanded in the Complaint, and you will be thereafter barred from asserting in another action any claim, counter petition or defense you may have which must be asserted in the above-styled civil action.

Dated: October 13, 2022

                                                              **Cathy S. Gatson, Clerk**
                                                 Clerk of Court  N Stricler



SUMMONS

2022 OCT 13 PM 4:17

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

Hayley Garnes,

    Plaintiff

v.

Case No.: 22-C-860
Judge Carrie L. Webster

Encova Insurance Agency, Inc.,
Melissa Wood, Rachel Mitchell,
Teri Miller and James Christopher Howat,

    Defendants.

To the above-named Defendant:

Rachel Mitchell
95 Crimson Pointe Dr.
Winfield, WV 25213-8614

IN THE NAME OF THE STATE OF WEST VIRGINIA:

    You are hereby summoned and required to serve upon James M. Cagle, Jeaneen Legato and Thomas Wilson, Plaintiffs' attorney, whose address is 1200 Boulevard Tower, 1018 Kanawha Boulevard, East, Charleston, West Virginia 25301, an answer, including any related counterclaim or defense you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, thereafter judgment, upon proper hearing and trial, may be taken against you for the relief demanded in the Complaint, and you will be thereafter barred from asserting in another action any claim, counter petition or defense you may have which must be asserted in the above-styled civil action.

Dated: October 13, 2022

Cathy S. Gatson, Clerk
_____
Clerk of Court   N. Strickler

FILED

SUMMONS

2022 OCT 13 PM 4:17

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

Hayley Garnes,

    Plaintiff

v.

Case No.: 22-C-860
Judge Carrie L. Webster

Encova Insurance Agency, Inc.,
Melissa Wood, Rachel Mitchell,
Teri Miller and James Christopher Howat,

    Defendants.

To the above-named Defendant:

Melissa Wood
58 Windy Point Rd.
Ghent, WV 25843-9374

IN THE NAME OF THE STATE OF WEST VIRGINIA:

    You are hereby summoned and required to serve upon James M. Cagle, Jeaneen Legato and Thomas Wilson, Plaintiffs' attorney, whose address is 1200 Boulevard Tower, 1018 Kanawha Boulevard, East, Charleston, West Virginia 25301, an answer, including any related counterclaim or defense you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, thereafter judgment, upon proper hearing and trial, may be taken against you for the relief demanded in the Complaint, and you will be thereafter barred from asserting in another action any claim, counter petition or defense you may have which must be asserted in the above-styled civil action.

Dated: October 13, 2022

Cathy S. Gatson, Clerk
Clerk of Court   N. Stricker

22-C-860

FILED
2022 OCT 13 PM 3:06 NS
CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

7020 1290 0001 6945 9870

Sent To: Melissa Wood
Street and Apt. No., or PO Box No.: 58 Windy Point Rd.
City, State, ZIP+4: Gilbert, WV 25843

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

7020 1290 0001 6945 9894

Sent To: Rachel Mitchell
Street and Apt. No., or PO Box No.: 95 Crimson Pointe Dr.
City, State, ZIP+4: Winfield, WV 25213

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

7020 1290 0001 6945 9900

Sent To: James Hawat
Street and Apt. No., or PO Box No.: 959 Hudson King
City, State, ZIP+4: Columbus, OH 43212

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

7020 1290 0001 6945 9887

Sent To: Teri Miller
Street and Apt. No., or PO Box No.: 3235 Chaps Ct.
City, State, ZIP+4: Columbus, OH 43221