```
           UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

**HAYLEY GARNES,**

       **Plaintiff,**

v.                                              Civil Action No. 2:22-cv-00527

**ENCOVA SERVICE CORPORATION;**
**MELISSA WOOD; RACHEL MITCHELL;**
**TERI MILLER; and**
**JAMES CHRISTOPHER HOWAT,**

       **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the court are defendants' Partial Motion to Dismiss (ECF No. 6), filed December 8, 2022; plaintiff's Motion to Remand (ECF No. 9), filed December 16, 2022; and plaintiff's Motion to Stay Discovery and Other Proceedings (ECF No. 23), filed May 26, 2023.

### I. Background

On October 13, 2022, the plaintiff, Hayley Garnes, initiated this proceeding by filing a complaint in the Circuit Court of Kanawha County, West Virginia. Compl., ECF No. 1-1. This complaint was superseded by the plaintiff's filing amended

pleadings pursuant to Fed. R. Civ. P. 15(a)(2) on January 20, 2023. Am. Compl., ECF No. 18.

Therein, Garnes alleges that she was employed as an accounting manager and then senior accountant with defendant Encova Service Corporation ("Encova") from April 2006 until the time of her termination on October 15, 2021. Id. at ¶ 12. She also alleged that she was diagnosed with multiple sclerosis in January 2017, for which she submitted documentation containing requests for a reasonable accommodation to Encova in 2017, 2018, and 2020. Id. at ¶ 13. Garnes alleges that her direct supervisors, defendants Mitchell and Wood, were aware of her condition but nevertheless significantly increased her workload. Id. at ¶ 14. She contends this exacerbated her illness, at which point those defendants began submitting negative performance evaluations. Id. Garnes alleges that defendant Miller failed to inform and require her direct supervisors to provide her with a reasonable accommodation. Id. at ¶ 16.

Garnes also alleges that she twice applied for promotion to an investment manager accounting position in 2018 and 2020 but was not interviewed on either occasion. Id. at ¶ 15. Upon information and belief, she alleges that defendant Howat promoted individuals who were younger, less educated, less qualified, less experienced, and not a member of a protected

class. Id. She contends she was denied the opportunity for professional advancement on account of disability or perceived disability. Id.

In light of those factual recitals, Garnes seeks relief under six counts for various asserted violations of the West Virginia Human Rights Act ("WVHRA") and West Virginia common law. Id. at ¶¶ 20-55. Garnes claims damages of, inter alia, loss of past and future wages and related benefits. Id. Specifically, she alleges that "[a]s an employee of Defendant Encova, [she] had long term disability insurance coverage through Prudential which provided benefits to employees who become totally and permanently disabled while employed" and that her allegedly wrongful termination "render[ed] [her] ineligible to apply for such benefits when she inevitably becomes totally disabled[.]" Id. at ¶ 18.

On November 17, 2022, the defendants removed this civil action to the United States District Court for the Southern District of West Virginia pursuant to 28 U.S.C. § 1441. Notice of Removal, ECF No. 1. In their notice of removal, the defendants asserted that this court could properly exercise subject matter jurisdiction in light of the complaint's implication of a federal question, under 28 U.S.C. § 1331, and the court's discretionary authority to exercise supplemental

jurisdiction over any other state law claims under 28 U.S.C. § 1367.  Id. at 3-5.  While the complaint states no causes of action arising under federal law on its face, the defendants assert that it nevertheless raises a federal question in light of the complete preemptive effect of the civil enforcement provision of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132.  Id.

Having removed the case on the basis of complete ERISA preemption, the defendants subsequently filed a partial motion to dismiss Count III (violation of public policy under Harless v. First Nat'l Bank, 246 S.E.2d 270 (W. Va. 1978)) and Count IV (violation of statutes – negligence and negligence per se) of the plaintiff's complaint.  Defs.' Partial Mot. Dismiss at 1. The defendants contend that both counts must be dismissed as duplicative of the plaintiff's claim for relief under the WVHRA in Counts I, II, and V.  Mem. Supp. Defs.' Partial Mot. Dismiss, ECF No. 7 at 3-7.  In answering the plaintiff's amended complaint, the defendants preserved the arguments raised in this motion.  See Defs.' Answer Pl.'s Am. Compl., ECF No. 21 at 6-7.

On December 16, 2022, the plaintiff filed a motion to remand this civil action to the Circuit Court of Kanawha County. Pl.'s Mot. Remand, ECF No. 9.  She contends that remand is required under 28 U.S.C. § 1447(c) because this court lacks

4

subject matter jurisdiction to hear the case inasmuch as her state law claims are not completely preempted by ERISA. Mem. Supp. Pl.'s Mot. Remand, ECF No. 10 at 1.

## II. Governing Standard

### Motion to remand

Federal court jurisdiction over actions removed from state court is governed by 28 U.S.C. § 1441. In relevant part the statute states:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

An action first filed in state court may be removed to a district court, if the district court would have had original jurisdiction over the action had it been originally filed in federal court. See Home Depot U.S.A., Inc. v. Jackson, 139 S. Ct. 1743, 1748 (2019) ("[A] district court, when determining whether it has original jurisdiction over a civil action, should evaluate whether that action could have been brought originally in federal court."). The party seeking removal bears the burden

5

of establishing that federal subject matter jurisdiction exists, and that removal is proper. Hoschar v. Appalachian Power Co., 739 F.3d 163, 169 (4th Cir. 2014).

One source of original jurisdiction is 28 U.S.C. § 1331, which provides "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the well-pleaded complaint rule, "removal is appropriate if the face of the complaint raises a federal question." Lontz v. Tharp, 413 F.3d 435, 439 (4th Cir. 2005). "[T]he presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' . . . without consideration of any potential defenses." Harless v. CSX Hotels, Inc., 389 F.3d 444, 450 (4th Cir. 2004) (citing Aetna Health, Inc. v. Davila, 542 U.S. 200, 207 (2004)).

An exception to the well-pleaded complaint rule exists where "a federal statute wholly displaces the state-law cause of action through complete pre-emption . . . because when the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." Aetna Health, 542 U.S. at 207-08

(quoting Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 8 (2003)) (internal marks omitted).

If a district court "lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Because removal jurisdiction raises significant federalism concerns, [the court] must strictly construe removal jurisdiction." Common Cause v. Lewis, 956 F.3d 246, 252 (4th Cir. 2020) (quoting Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994)). "If federal jurisdiction is doubtful, a remand is necessary." Id.

Motion to dismiss

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957),

7

abrogated on other grounds, Twombly, 550 U.S. at 563); see also Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007). In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570); see also Monroe v. City of Charlottesville, 579 F.3d 380, 386 (4th Cir. 2009).

Application of the Rule 12(b)(6) standard requires that the court "'accept as true all of the factual allegations contained in the complaint . . . .'" Erickson, 551 U.S. at 94 (quoting Twombly, 127 S. Ct. at 1965); see also S.C. Dept. of Health & Env't Control v. Comm. and Indus. Ins. Co., 372 F.3d 245, 255 (4th Cir. 2004) (quoting Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002)). The court must also "draw[] all reasonable factual inferences . . . in the plaintiff's favor[.]" Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

**Motion to stay**

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Maryland v. Universal

Elections, Inc., 729 F.3d 370, 379 (4th Cir. 2013) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)) (internal marks omitted); see also Clinton v. Jones, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). "[P]roper use of this authority 'calls for the exercise of judgment which must weigh competing interests and maintain an even balance.'" Williford v. Armstrong World Indus., Inc., 715 F.2d 124, 127 (4th Cir. 1983) (quoting Wedgeworth v. Fibreboard Corp., 706 F.2d 541, 545 (5th Cir. 1983)). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." Id. Courts assess this by reference to three factors: "(1) judicial economy, (2) hardship and equity to the moving party if the action is not stayed, and (3) potential prejudice to the non-moving party." Nationwide Gen. Ins. Co. v. Staples, 626 F. Supp. 3d 899, 906 (E.D. Va. 2022).

Where a motion to stay is sought upon a pending motion to remand, "a court should first give preliminary scrutiny to the merits of the motion to remand. If this preliminary assessment suggests that removal was improper, the court should promptly complete its consideration and remand the case to state court." Meyers v. Bayer AG, 143 F. Supp. 2d 1044, 1049 (E.D.

Wis. 2001); see also Cardoza v. Med. Device Bus. Servs., Inc., 389 F. Supp. 3d 399, 405 (W.D. Va. 2019).

### III. Discussion

In removing this case to federal court, the defendants asserted the existence of subject matter jurisdiction on the basis of a federal question raised by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., and supplemental jurisdiction for any claims not covered by ERISA. Notice of Removal at 3-5. Specifically, defendants assert that ERISA's civil enforcement provision completely preempts the plaintiff's state law wrongful termination claims, thereby raising a federal question under the complete preemption exception to the well-pleaded complaint rule. Defendants' invocation of ERISA preemption is premised on the plaintiff's allegation that the defendants' conduct has "render[ed] [her] ineligible to apply for" long-term disability insurance coverage through Prudential that was provided to employees of defendant Encova who became totally and permanently disabled while employed. Am. Compl. at ¶ 18. Defendants contend that this allegation "relates to" an employee benefit plan within the meaning of ERISA, thereby triggering the Act's civil enforcement provision.

ERISA is a "comprehensive and reticulated statute," Nachman Corp. v. Pension Ben. Guaranty Corp., 446 U.S. 359, 361 (1980), that reflects "an enormously complex and detailed . . . resol[ution of] innumerable disputes between powerful competing interests[.]" Mertens v. Hewitt Assocs., 508 U.S. 248, 262 (1993).

With certain exceptions not relevant here, ERISA "supersedes any and all State laws insofar as they may now or hereafter relate to any employee benefit plan[.]" 29 U.S.C. § 1144(a). In ERISA parlance, this is known as "conflict preemption" or "ordinary preemption." Sonoco Prods. Co. v. Physicians Health Plan, Inc., 338 F.3d 366, 370 (4th Cir. 2003). "Under ordinary conflict preemption, state laws that conflict with federal laws are preempted, and preemption is asserted as 'a federal defense to the plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court.'" Darcangelo v. Verizon Commc'ns, Inc., 292 F.3d 181, 186-87 (4th Cir. 2002) (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987)). "The fact that a state law claim is 'preempted' by ERISA – i.e., that it conflicts with ERISA's exclusive regulation of employee welfare benefit plans – does

11

not, however, provide a basis for removing the claim to federal court." Sonoco, 338 F.3d at 371.

"The jurisdictional doctrine of complete preemption, by contrast, does provide a basis for federal jurisdiction[.]" Id. "[W]here Congress so completely preempts a particular area that any civil complaint raising this select group of claims is necessarily federal in character, the state law claims are converted into federal claims, which may be removed to federal court." Id. (quoting Darcangelo, 292 F.3d at 186-87) (internal marks omitted). When it comes to ERISA, "[t]he only state law claims properly removable to federal court are those that are 'completely preempted' by ERISA's civil enforcement provision[.]" Id. (quoting Darcangelo, 292 F.3d at 187). "[W]hen complete preemption exists, 'the plaintiff simply has brought a mislabeled federal claim, which may be asserted under some federal statute.'" Id. (quoting King v. Marriott Int'l, Inc., 337 F.3d 421, 425 (4th Cir. 2003)).

Pursuant to Sonoco, to determine whether a claim is completely preempted by ERISA's civil enforcement provision, a court must consider three "essential requirements" of a completely preempted claim: (1) a plaintiff must have standing to pursue her claim under the civil enforcement provision; (2) the claim must be within the scope of an ERISA provision that is

12

enforceable through the civil enforcement provision; and (3) "the claim must not be capable of resolution 'without an interpretation of the contract governed by federal law,' i.e., an ERISA-governed employee benefit plan." Id. at 372 (quoting Jass v. Prudential Health Care Plan, Inc., 88 F.3d 1482, 1487 (7th Cir. 1996)).

Defendants' arguments as to the existence of federal jurisdiction advanced in their notice of removal and in opposition to the motion to remand conflate the two preemption doctrines under ERISA and largely address whether the plaintiff's claims "relate to" an employee benefit plan so as to be preempted by ERISA. See Notice of Removal at 3-5; Defs.' Resp. Pl.'s Mot. Remand, ECF No. 14 at 2-4. Inasmuch as these are arguments as to ERISA conflict preemption, rather than complete preemption, they are immaterial to the issue of this court's subject matter jurisdiction and the court will accordingly disregard them without comment on their merit.

To the extent that the defendants' response opposing remand can be construed to make arguments as to complete preemption under ERISA, these are addressed solely to the plaintiff's WVHRA disability discrimination claim in Count II of the amended complaint. See id. at 4. As a measure of damages in Count II, the plaintiff alleges that she "lost . . . the

13

eligibility to file for long term disability benefits when she becomes totally disabled."[1] Am. Compl. at ¶ 34. The court thus proceeds to evaluate plaintiff's disability discrimination claim in Count II in light of the three requirements for complete preemption under Sonoco.

Whether this claim satisfies the first Sunoco requirement is unclear on the information presently before the court in that it is not apparent whether the plaintiff is either a participant or beneficiary of the Prudential plan so as to have standing to bring a claim under ERISA's civil enforcement provision. See 29 U.S.C. § 1132(a)(1). However, even assuming such standing, her disability discrimination claim fails to satisfy either of the other two criteria under Sunoco required for complete preemption under ERISA.

---

[1] This allegation reflects a similar allegation in the factual recitals of the amended complaint in which she states:
>As an employee of Defendant Encova, Plaintiff had long term disability insurance coverage through Prudential which provided benefits to employees who become totally and permanently disabled while employed. Defendants wrongfully terminated Plaintiff for discriminatory reasons rendering Plaintiff ineligible to apply for such benefits when she inevitably becomes totally disabled[.]

Am. Compl. at ¶ 18.

As to the second requirement, ERISA's civil enforcement provision authorizes a plan participant or beneficiary to bring six causes of action, none of which are relevant here. See 29 U.S.C. § 1132(a)(1)-(4), (a)(9). This claim alleges no failure to provide required plan information nor breach of any fiduciary duty. See 29 U.S.C. § 1132(a)(1)(A), (a)(2), (a)(4), (a)(9). The claim also does not seek equitable or injunctive relief as to any provision of ERISA or term of the plan. See 29 U.S.C. § 1132(a)(3). Additionally, plaintiff's disability discrimination claim is not a claim "to recover benefits due under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan[,]" as authorized by § 1132(a)(1)(B), inasmuch as she claims no entitlement to any past or future benefits or rights under the Prudential plan, as reflected by the admission of ineligibility in her amended complaint. See Am. Compl. at ¶¶ 18, 34.

Lastly, the court cannot conclude, on the facts and argument presently before it, that resolution of the plaintiff's WVHRA disability discrimination claim in Count II will require any interpretation of the Prudential benefit plan. While plaintiff's amended complaint reflects an apparent intent to rely upon the Prudential benefit plan in calculating her theory

15

of damages, she has expressly disclaimed any eligibility on the face of her complaint.  See id.  Assuming the appropriateness of this theory of damages, a court would be required to consider, at most, the value of the benefits under the plan, not whether the plaintiff had any entitlement to recover them.  In the context of ERISA conflict preemption, the Fourth Circuit has observed that reference to a plan for the sole purposes of calculating damages does not implicate the plan itself and is therefore no basis for ERISA preemption.  Pizlo v. Bethlehem Steel Corp., 884 F.2d 116, 120-21 (4th Cir. 1989).  The same rationale controls the analysis of the third Sunoco requirement here, and the court concludes that the plaintiff's disability discrimination claim can be resolved without interpretation of the Prudential benefit plan.

Plaintiff's disability discrimination claim having none of the three essential requirements of a claim subject to the complete preemptive force of ERISA's civil enforcement provision under Sunoco, the court concludes it is not so preempted and provides no basis for this court to exercise subject matter jurisdiction under 28 U.S.C. § 1331.  Furthermore, this court is precluded from exercising supplemental jurisdiction over the plaintiff's remaining claims, as the defendants point to no alternative font of federal

jurisdiction for any matter arising in this civil action. See 28 U.S.C. § 1367(a). Accordingly, this civil action must be remanded in its entirety to the Circuit Court of Kanawha County, West Virginia. See 28 U.S.C. § 1447(c).

Inasmuch as this court lacks subject-matter jurisdiction to hear this case, it also lacks jurisdiction to pass upon the defendant's motion to dismiss and the plaintiff's motion to stay.

### IV. Conclusion

For the foregoing reasons, it is ORDERED that the plaintiff's motion to remand be, and hereby is, granted. The plaintiff's amended complaint is remanded to the Circuit Court of Kanawha County, West Virginia.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: June 28, 2023

John T. Copenhaver, Jr.
Senior United States District Judge